IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MOTIO, INC. | § | |
| Plaintiff, | § | CIVIL ACTION NO. ____ |
| v. | § | |
| BSP SOFTWARE LLC, | § | JURY DEMANDED |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Motio, Inc. ("Motio" or "Plaintiff"), by and through its undersigned counsel, complains of patent infringement by BSP Software LLC ("BSP" or "Defendant"), and alleges as follows:

### I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Motio, Inc. is a Texas corporation with its principal place of business at 18333 Preston Road, Suite 475, Dallas, Texas 75252 (Collin County).

2. Defendant BSP Software LLC is an Illinois limited liability company with its principal place of business at 1701 West Golf Road, Suite 3-604, Rolling Meadows, Illinois 60008 (Cook County).

3. This is an action arising under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.* This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant by virtue of the fact that Defendant regularly conducts business and has continuous and systematic contacts within this Judicial District.

5.     Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

## II. FACTUAL BACKGROUND

6.     Motio is a company that develops and sells business intelligence software solutions, including software products for enhancing and/or extending IBM Cognos business intelligence software.

7.     BSP is a company that also develops and sells business intelligence software solutions, including software products for enhancing and/or extending IBM Cognos business intelligence software.

8.     On October 9, 2012, United States Patent No. 8,285,678 ("the '678 Patent") entitled "Continuous Integration of Business Intelligence Software" was duly and legally issued by the United States Patent and Trademark Office, with J. Lynn Moore, Jr. and Lance W. Hankins as inventors.  Plaintiff Motio, Inc. is the owner by assignment of all rights, title, and interest in and to the '678 Patent.  Exhibit A is a true and correct copy of the '678 Patent.

9.     BSP has infringed (literally and/or under the doctrine of equivalents), and is continuing to infringe, Motio's '678 Patent by making, using, importing, selling, and/or offering to sell products covered by one or more claims of the '678 Patent – or by performing any method claimed therein – within the United States, and/or by contributing to or inducing such infringement.

## III. CLAIMS

### COUNT I
### PATENT INFRINGEMENT

10.    Motio incorporates by reference paragraphs 1-9 as if fully set forth herein.

11.    Defendant BSP is providing, installing, making, using and/or selling BSP's Integrated Version Control ("IVC") and/or Integrated Control Suite ("ICS") products within the United States.

12. Defendant BSP has infringed (literally and/or under the doctrine of equivalents), and is continuing to infringe, one or more claims of the '678 Patent by providing installing, making, using and/or selling the IVC and/or ICS products within the United States, and/or by contributing to or inducing such infringement by others by providing, installing, making, using, and/or selling the IVC and/or ICS products within the United States.

13. Defendant BSP's infringement of the '678 Patent is and has been willful, has caused and will continue to cause Motio to suffer substantial damages, and has caused and will continue to cause Motio to suffer irreparable harm for which there is no adequate remedy at law unless enjoined by the Court.

### IV. DEMAND FOR JURY TRIAL

14. Plaintiff Motio requests a jury to hear this action.

### V. PRAYER FOR RELIEF

For these reasons, Plaintiff Motio respectfully requests that this Court enter judgment in its favor and grant the following relief:

a) Adjudge that Defendant BSP has directly infringed the asserted claims of the '678 Patent, contributorily infringed the asserted claims of the '678 Patent, and/or induced infringement of the asserted claims of the '678 Patent;

b) Enter an order preliminarily and permanently enjoining Defendant BSP from any further acts of infringement of the '678 Patent;

c) Adjudge that Defendant BSP's infringement has been willful;

d) Award Plaintiff Motio damages under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict infringement up until entry of the final judgment, with an accounting, as needed, and treble damages for willful infringement as provided by 35 U.S.C. § 284;

     e)     Enter an order awarding Plaintiff Motio pre- and post-judgment interest on damages awarded and its costs (including all disbursements) under 35 U.S.C. § 284; and

     f)     Award such other relief as the Court may deem appropriate and just.

DATED:  October 10, 2012          Respectfully submitted,

         /s/ Kelly J. Kubasta
        **Kelly J. Kubasta**
        Texas Bar No. 24002430
        **Todd C. Basile**
        Texas Bar No. 24078205
        KLEMCHUK KUBASTA LLP
        8150 N. Central Expwy., 10th Floor
        Dallas, Texas 75206
        Tel: 214-367-6000
        Fax: 214-367-6001

        **ATTORNEYS FOR MOTIO, INC.**