# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| MOTIO, INC. | § | |
| | § | |
| V. | § | CASE NO. 4:12-CV-647 |
| | § | Judge Mazzant |
| BSP SOFTWARE LLC, | § | |
| BRIGHTSTAR PARTNERS, INC., | § | |
| and AVENT, INC. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Dismiss Motio, Inc.'s Complaint pursuant to Fed. Civ. P. 12(b)(1) for Lack of Standing and Lack of Subject Matter Jurisdiction (Dkt. #156). After reviewing the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

On October 10, 2012, Motio, Inc. ("Motio") filed suit for infringement of U.S. Patent No. 8,285,678 ("the '678 Patent") (Dkt. #1). On October 8, 2004, Motio and Cognos Corporation entered into a Subcontractor Agreement ("the Agreement"), and on January 1, 2005, they executed Schedule A to the Agreement for services provided to JP Morgan (Dkt. #169; Ex. B, C). Motio provided services to Cognos and JP Morgan through Motio co-founder Lance Hankins (Dkt. #169, Ex. C). The terms of the Agreement state, in part:

> Any discoveries, inventions, or improvements made pursuant to the Services being provided under the terms of this Agreement will unconditionally become the property of Cognos or of the client under the Prime Contract, at Cognos' discretion. This specifically includes application software, system software, and utility software developed by Cognos and by the Subcontractor and Cognos. Without limiting the foregoing, Subcontractor agrees that any such deliverables or original works shall be deemed to be "works made for hire", provided that in the event and to the extent that such works are determined not to constitute "works for hire" as a matter of law, Subcontractor hereby irrevocably assigns and transfers such property, and all right, title and interest herein, including patents

1

> and copyrights, to Cognos and its successors and assigns. Subcontractor grants Cognos all rights including, without limitation, moral rights, worldwide with respect to such works. Subcontractor shall deliver all works to Cognos promptly upon their completion of the sooner termination of Subcontractor's services hereunder. Subcontractor agrees to execute any and all documents as reasonably requested by Cognos to further evidence any of the transfers or assignments provided for herein.

Dkt. #156, Ex. 2 at p. 3. Lance Hankins is one of the two named inventors of the asserted '678 Patent (Dkt. #156, Ex. 6). Defendants contend that Lance Hankins conceived of the claimed invention while performing services for Cognos and JP Morgan. Second, Defendants argue that Hankins' invention was "made pursuant to the Services being provided" under the Agreement. Defendants insist that, therefore, rights in the '678 Patent were transferred to Cognos and Motio lacks standing to bring this suit because it does not own the '678 Patent.

On September 18, 2015, Defendants filed the present motion to dismiss for lack of standing and lack of subject matter jurisdiction (Dkt. #156). On October 13, 2015, Plaintiff filed its response (Dkt. #169). On November 9, 2015, Defendants filed a reply (Dkt. #191). On November 20, 2015, Plaintiff filed its sur-reply (Dkt. #206).

## LEGAL STANDARD

Defendants move for dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure. The court has subject matter jurisdiction over those cases arising under federal law. U.S. CONST. Art. III, § 2, cl. 1; U.S.C. § 1331. A case arises under federal law if the complaint establishes that federal law creates the cause of action or the plaintiff's right to relief necessarily depends on the resolution of the substantial question of federal law. *Empire Healthchoice Assur. Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006).

A Rule 12(b)(1) motion should be granted only if it appears beyond doubt that the plaintiff cannot prove a plausible set of facts in support of its claim. *Lane v. Halliburton*, 529

F.3d 548, 557 (5th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 500 U.S. 544, 556-57 (2007)) (stating that the court reviews a 12(b)(1) motion just as it would a 12(b)(6) motion to dismiss.).[1] However, the court may find a plausible set of facts by considering: "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lane*, 529 F.3d at 557 (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The court will accept all well-pleaded allegations in the complaint as true, and construe those allegations in a light most favorable to the plaintiff. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). The party asserting jurisdiction bears the burden of proof for a 12(b)(1) motion to dismiss. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

## ANALYSIS

Plaintiff does not dispute that Hankins conceived of the invention during the pendency of the Agreement, nor does Plaintiff contest the validity of the agreement (Dkt. #206 at p. 2). Plaintiff simply maintains that the invention was not "made pursuant to the Services being provided" (Dkt. #206 at p. 2).

Plaintiff points to unrefuted testimony of John Riley, the JP Morgan agent charged with overseeing the project on which Motio worked, wherein he states that "[t]he work Mr. Hankins was commissioned to develop and later provided to JP Morgan did not relate, in any way, to

---

[1] The Federal Circuit's practice has been to "defer to regional circuit law when the precise issue involves an interpretation of the Federal Rules of Civil Procedure." *Biodex Corp. v. Loredan Biomedical, Inc.*, 946 F.2d 850, 857 (Fed. Cir. 1991).

3

providing automated version control of Cognos business intelligence artifacts" (Dkt. #169, Ex. D at p. 2). The subject of the '678 Patent is automated version control. *See* Dkt. #191 at p. 2. Further, Plaintiff notes neither IBM (formerly Cognos) nor JP Morgan have claimed ownership of the '678 Patent, and that Defendants are the only persons contending that either IBM or JP Morgan own the '678 Patent (Dkt. #206 at p. 4).

Defendants argue that, regardless, the Agreement covers a broad scope such that Hankins' conception of version control falls within the scope of the "Services" provided under the Agreement: "any consulting, installation, training or other services" (Dkt. #191 at p. 2). Defendants argue that even under a more narrow characterization of services offered, Hankins' conception falls within the services provided by Motio, namely, a "report wizard" that allows Cognos report writers to customize Cognos report specifications (Dkt. #169 at p. 3). The Court agrees with Defendants that it is plausible Hankins' work providing a "report wizard" to JP Morgan prompted a thought process that resulted in the conception of version control that eventually led to the claimed invention. However, the Court notes that the Agreement specifically delineates discoveries made "pursuant to the Services being provided," from other discoveries. Here, automatic version control as described in the '678 Patent does not appear to the Court to have been necessarily created pursuant to the providing of a "report wizard." The Court does not find that Hankins' conception was made "pursuant to the Services being provided."

It seems entirely reasonable that Hankins' conception was made considering all his previous work with business intelligence software and report specifications. While this previous work would include service rendered to Cognos and JP Morgan, it can hardly be said that all future work that takes into consideration a previous experience is made "pursuant" to that

4

experience. Under such a broad conception of what is "pursuant," all future work on improvements in business intelligence systems or report specifications performed by Hankins would be considered "pursuant" to services provided to Cognos and JP Morgan. Defendants' understanding does not describe a cap on the term "pursuant," but rather appears to read it as "any topical relation." The Court agrees that the claimed invention is topically related to the described "report wizard" in that they both concern business intelligence systems and improvements in report functionality, but does not find that the claimed invention was made "pursuant to the Services being provided."

Defendants cite three cases in support of their position, all of which are readily distinguishable from the situation before the Court. In *Filmtec v. Allied-Signal, Inc.*, the Federal Circuit considered an agreement that expressly granted rights "in any future invention." 939 F.2d 1568, 1573 (Fed. Cir. 1991). In this case, however, the Agreement only concerns a subset of inventions – those made "pursuant to Services being provided." Addressing the scope of a software agreement, in *Qatalys, Inc. v. Mountain Medical Technologies, Inc.*, the court considered "Statements of Work" that each "expressly incorporate[d]" an agreement. No. 3:14-cv-1784-L, 2015 WL 1401220 at *5 (N.D. Tex. 2015) ("Because every invoice attached to Plaintiff's Amended Complaint references one of these Statements of Work, it is clear that the work performed by Qatalys under the alleged new agreement was performed pursuant to the [master services agreement.]). Here, Hankins' conception does not fall squarely within the terms of the Agreement, nor does any evidence of his conception expressly indicate that it was made pursuant to the Agreement. Finally, in *Lufthansa Systems Infratec GmbH v. Wi-Sky Inflight, Inc.*, the court interpreted an agreement as assigning future rights in inventions pertaining to a specific application and being inapplicable as to inventions made prior to signing of the agreement. 894

F.Supp.2d 677, 681-82 (E.D. Vir. 2012). This scenario is distinctly different from the current issue of whether an invention was made "pursuant" to certain contracted services. As each of these cases is readily distinguishable from this case, none of the decisions are determinative or even persuasive in this matter. Further, the Court does not believe these decisions are at odds with the Court's conclusion that it does not find that the claimed invention was made "pursuant to the Services being provided." Motio does not lack standing and its suit will not be dismissed.

## CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss Motio, Inc.'s Complaint pursuant to Fed. Civ. P. 12(b)(1) for Lack of Standing and Lack of Subject Matter Jurisdiction (Dkt. #156) is hereby **DENIED**.

**SIGNED this 15th day of December, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE