# United States District Court

## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

MOTIO, INC.               §
                           §
V.                          §        CASE NO. 4:12-CV-647
                           §        Judge Mazzant
BSP SOFTWARE LLC,        §
BRIGHTSTAR PARTNERS, INC.,    §
and AVENT, INC.            §

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion for Summary Judgment that Claim 1 of U.S. Pat No. 8,285,678 (and Its Dependents) are Invalid Under 35 U.S.C. § 102 (Dkt. #150). After reviewing the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

Plaintiff asserts that Defendants infringe claims of U.S. Patent No. 8,285,678 ("the '678 Patent"). The '678 Patent is titled "Continuous integration of business intelligence software." It was filed on December 30, 2010, and issued on October 9, 2012. The '678 Patent relates to methods of providing automatic version control to a business intelligence system. '678 Patent at Abstract.

The '678 Patent is a continuation of U.S. Patent No. 7,885,929 ("the '929 Patent"). The '929 Patent was filed on January 3, 2006. The '929 Patent and the '678 Patent share a nearly identical specification, except for the Abstract. On October 10, 2012, Plaintiff filed its complaint (Dkt. #1). On February 8, 2015, Defendants filed a motion for partial summary judgment of invalidity under 35 U.S.C. § 112, claiming that the claims of the '678 Patent fail to satisfy the written description requirement (Dkt. #89). The Court denied the motion (Dkt. #146). The Court found that "at a minimum … there is a genuine issue of material fact as to whether the

specification inherently discloses providing version control by 'detecting a request … to modify' a business intelligence artifact" (Dkt. #146 at p. 14).  Defendants "failed to prove by clear and convincing evidence that claims 1-3 are invalid." (Dkt. #146 at p. 15).

Defendants filed this motion for summary judgment on September 18, 2015 (Dkt. #150). Plaintiff filed a response on October 13, 2015 (Dkt. #165).  Defendants filed a reply brief on November 9, 2015 (Dkt. #194).  Plaintiff filed a sur-reply on November 20, 2015 (Dkt. #204).

**LEGAL STANDARD**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).  Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment.  *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted).  The substantive law identifies which facts are material.  *Anderson*, 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  *Id.* at 247.  If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense."  *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).  Where the nonmovant bears the burden of proof, the movant may discharge its

burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257. No "mere denial of material facts nor…unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will suffice to carry this burden. *Moayedi v. Compaq Computer Corp.*, 98 F. App'x 335, 338 (5th Cir. 2004). Rather, the Court requires "significant probative evidence" from the nonmovant in order to dismiss a request for summary judgment supported appropriately by the movant. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). The Court must consider all of the evidence, but must refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

It is uncontested that Plaintiff used and sold its MotioCI product which practices or has the capability for practicing the asserted claims of the '678 Patent more than a year prior to the filing of the '678 Patent (Dkt. #150, Exs. G-I). 35 U.S.C. § 102(b) states that a person is not entitled to a patent when "the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States." Defendants argue, therefore, that the admitted sale and public use of the MotioCI product before December 30, 2009 (more than a year prior to the filing of the '678 Patent) renders the claims of the '678 Patent invalid (Dkt. #150 at p. 15).

Second, Defendants argue that it is Plaintiff's burden to prove it is entitled to claim the January 3, 2006, priority date of the parent application (now the '929 Patent) to the '678 Patent (Dkt. 150 at p. 1). Third, Defendants contend that the '929 Patent failed to disclose at least claim 1 of the '678 Patent, specifically the limitation:

> detecting a request to the business intelligence system to modify the initial version of the business intelligence artifact to create a subsequent version of the business intelligence artifact that includes the requested modification

This is the same argument previously made by Defendants in its motion for summary judgment under 35 U.S.C. § 112 (Dkt. #89 at p. 13). There, Defendants acknowledged that "[t]he specification for the '678 Patent is nearly identical to that of the '929 Patent, differing only in that Motio substituted the Abstract of the continuation application with a summary of newly drafted claim 1," and argued that "[t]he system recited in claim 1 finds no support in the specification of either the original application or the continuation application" (Dkt. 89 at p. 13).

Plaintiff responds that the Court has already rejected Defendants' § 112 challenge and should be precluded from re-arguing the same written description arguments denied by the Court (Dkt. #165 at p. 2). Further, Plaintiff argues that Defendants do not meet their burden to move the Court to reconsider its order regarding summary judgment under § 112. Plaintiff insists that it remains Defendants' burden to demonstrate the invalidity of the '678 Patent by clear and convincing evidence.

The Court previously found, and maintains, that Defendants have "failed to prove by clear and convincing evidence that claims 1-3 are invalid" due to lack of written description (Dkt. #146 at p. 15). The lone question before the Court is, therefore, whether Defendants' demonstration of a prior public use places the burden on Plaintiff to prove by a preponderance of the evidence that there is written description support in the earlier '929 Patent application such

that the '678 Patent is entitled to the priority date of the parent application.  In *Tech. Licensing Corp. v. Videotek, Inc.*, the Federal Circuit discussed burdens of proof, stating:

> It is a long-standing rule of patent law that, because an issued patent is by statute presumed valid, a challenger has the burden of persuasion to show by clear and convincing evidence that the contrary is true.  That ultimate burden never shifts, however much the burden of going forward may jump from one party to another as the issues in the case are raised and developed.

F.3d 1316, 1319 (Fed. Cir. 2008).  In the case, defendant raised the affirmative defense that the asserted claim was invalid because it was anticipated by the prior art.  *Id.* at 1327.  The Federal Circuit noted that the burden to prove invalidity did not ever shift, but the court must consider the "quite different" burden of going forward with evidence:

> [Defendant], having the ultimate burden of proving its defense of invalidity based on anticipating prior art, then has the burden of going forward with evidence that there is such anticipating prior art. … At that point [plaintiff] has the burden of going forward with evidence either that the prior art does not actually anticipate, or … that it is not prior art because the asserted claim is entitled to the benefit of a filing date prior to the alleged prior art … [In this context], that means producing sufficient evidence and argument to show that an ancestor to the [patent] with a filing date prior the [alleged prior art's] date, contains a written description that supports all the limitations of [the claim at issue]. … [T]he burden of going forward again shifts to the proponent of the invalidity defense, [defendant], to convince the court that [plaintiff] is not entitled to the benefit of the earlier filing date. "Convince" is the operative word, because if the court is not persuaded by clear and convincing evidence that [defendant] is correct, [defendant] has failed to carry its ultimate burden of persuasion, and its defense of invalidity based on anticipation by the [prior art], fails.

*Id.* at 1328.  Similarly, here, after Defendants produced evidence of the prior sale of a product practicing the '678 Patent, Plaintiff merely bears the burden of going forward with evidence that it is entitled to the priority date of the '929 Patent.  Plaintiff argues that the burden of only applies to continuation-in-part patent applications unlike the '678 Patent which is a continuation.  The Court need not discuss the implications of such a distinction, because the Court finds that Plaintiff meets its burden.  The phrase 'going forward with evidence' means producing

additional evidence and presenting persuasive argument based on new evidence or evidence of record. *Id.* at 1327. Plaintiff has demonstrated that the application that would become the '929 Patent existed prior to the alleged invalidating public use. Further, Plaintiff has shown evidence of why the written description in the earlier application supports the claims at issue. Due to the nearly identical specification, it is clear that the '678 Patent is supported in the '929 Patent specification to the same degree as in its own specification. Plaintiff has shown evidence for support of its claims in the specification in the IPR of the '678 Patent, in the actions of the patent examiner in prosecution of the '678 Patent, and in the Figures of the '678 Patent specification (Dkt. #165 at pp. 9-14). The arguments applicable to the '678 Patent specification are clearly applicable to the nearly identical '929 Patent specification.

The Court does not conclusively determine as a matter of law that the claims are supported by the specification shared by the '678 and '929 Patents, but Plaintiff meets its burden of going forward with evidence. Ultimately, this is only an intermediate issue before the Court. Though Plaintiff meets the burden of going forward, Defendants must inevitably convince the Court by clear and convincing evidence that Plaintiff is not entitled to the earlier filing date because the written description in the earlier application does not support the '678 Patent claims. Defendants have already demonstrated that they are unable to meet this burden. Arguing that Plaintiff should meet or does not meet the burden of going forward is of little moment because Defendants are incapable of satisfying the ultimate burden to prove invalidity.

Therefore, after a careful review of the record and the arguments presented, the Court is not convinced that Defendants have met their burden demonstrating that there is no material issue of fact entitling them to judgment as a matter of law.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion for Summary Judgment that Claim 1 of U.S. Pat No. 8,285,678 (and Its Dependents) are Invalid Under 35 U.S.C. § 102 (Dkt. #150) is hereby **DENIED**.

**SIGNED this 22nd day of December, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE