**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| MOTIO, INC., <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br>BSP SOFTWARE LLC, <br>BRIGHTSTAR PARTNERS, INC. <br>and AVNET, INC., <br><br>　　　　　Defendants. | CASE NO. 4:12-cv-00647-ALM <br><br> Hon. Amos L. Mazzant |

**JOINT FINAL PRE-TRIAL ORDER**

This case is scheduled for a pretrial conference on January 14, 2016 at 9:00 a.m. in Sherman, Texas. Plaintiff Motio, Inc. ("Motio" or "Plaintiff") and Defendants BSP Software LLC ("BSP"), Brightstar Partners, Inc. ("Brightstar"), and Avnet, Inc. ("Avnet") (collectively, "Defendants") submit this Pretrial Order on December 28, 2015, pursuant to L.R. 16(b), Fed.R.Civ.P. 16, and the Court's Amended Docket Control Order dated December 2, 2015 ([Dkt. 210]). Subject to the other rulings made at the Pretrial conference, the parties request that the Court enter this Order.

**I.　COUNSEL FOR THE PARTIES**

**Plaintiff Motio, Inc.**

Jeffrey M. Drake
Lee F. Grossman
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
225 West Washington Street
Suite 2600
Chicago, Illinois 60606
Telephone: (312) 460-4200
Facsimile: (312) 460-4201

**Defendants BSP Software LLC, Brightstar Partners, Inc. and Avnet, Inc.**

Matthew B. Lowrie
Ruben J. Rodrigues
Ellen T. Wong
FOLEY & LARDNER LLP
111 Huntington Avenue
Suite 2600
Boston, MA 02199
Telephone: (617) 342-4006
Facsimile: (617) 342-4001

| | |
|---|---|
| Byron K. Henry<br>Cowles & Thompson<br>901 Main Street, Suite 3900<br>Dallas, Texas 75202<br>Telephone: (214) 672-2100<br>Facsimile: (214) 672-2356 | Scott R. Kaspar<br>321 North Clark Street<br>Suite 2800<br>Chicago, Illinois 60654<br>Telephone: (312) 832-4500<br>Facsimile: (312) 832-4700 |
| Kelly Kubasta<br>FERGUSON, BRASWELL & FRASER, PC<br>2500 Dallas Parkway<br>Suite 501<br>Plano, Texas 75093<br>Telephone: (972) 378-9111<br>Facsimile: (972) 378-9115 | Clyde M. Siebman<br>Laurence A. Phillips<br>SIEBMAN, BURG, PHILLIPS & SMITH, LLP<br>Federal Courthouse Square<br>300 N. Travis Square<br>Sherman, Texas 75090<br>Telephone: (903) 870-0070<br>Facsimile: (903) 870-0066 |

## II. STATEMENT OF JURISDICTION

Jurisdiction in this case is based on 28 U.S.C. § 1331 and 1338(a) in that Motio, Inc. ("Motio") brings this action under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* Jurisdiction is not disputed.

## III. NATURE OF ACTION

Plaintiff Motio brings this patent infringement against Defendants BSP Software, LLC, Brightstar Partners, Inc., and Avnet, Inc. Motio is seeking an injunction and the recovery of damages for infringement of United States Patent No. 8,285,678 (the "678 Patent"). Motio asserts that Defendants infringe claims 1, 2 & 3 of the '678 patent directly and literally under 35 U.S.C. §271(a); indirectly by inducing literal infringement under 35 U.S.C. §271(b); and contributory infringement under 35 U.S.C. §271(c).

Motio contends Defendants' infringement is willful. Motio further asserts that the '678 Patent is valid – issued after examination by the United States Patent and Trademark Office. Motio contends this case is exceptional under 35 U.S.C. §285 and seeks an award of attorneys' fees.

Jnknown document property name.

Avnet denies that it infringes the '678 Patent. Avnet further alleges that the '678 Patent is invalid for 1.) failing to meet the written description requirement of 35 U.S.C. § 112; 2.) being anticipated by one or more prior art references pursuant to 35 U.S.C. § 102, including a prior public use and improper claim of priority; 3.) being obvious in view of one or more prior art references pursuant to 35 U.S.C. § 103; or 5.) being directed to patent ineligible subject matter pursuant to 35 U.S.C. § 101. Avnet further denies that any infringement is willful, and contends that this case is exceptional under 35 U.S.C. § 285 and seeks and award of attorneys' fees in Avnet's favor.

Trial is scheduled to commence on January 19, 2016.

## IV.   CONTENTIONS OF THE PARTIES
### A.   Plaintiff's Contentions

By providing these contentions, Motio does not concede that all of these issues are appropriate for trial. In addition, Motio does not waive any of its motions *in limine* or motions to strike.

1. Defendants have directly and literally infringed one or more of claims 1, 2, and 3 of the '678 Patent.

2. Defendants have indirectly infringed one or more of claims 1, 2, and 3 of the '678 Patent by inducing literal infringement.

3. Defendants have indirectly infringed by one or more of claims 1, 2, and 3 of the '678 Patent by contributory literal infringement.

4. The '678 Patent is presumed valid and Defendants have failed to prove invalidity under 35 U.S.C. §§ 101, 102, 103 and 112(1) (written description) by clear and convincing evidence.

5. The '678 Patent is entitled to the filing date of its parent application 11/324,603 filed on January 3, 2006.

6. Motio is entitled to damages adequate to compensate for Defendants' infringement, in the amount of lost profits and a reasonable royalty plus applicable pre-judgement and post-judgment interest from the filing date of the Complaint through the date of judgment in this action. In any event, Plaintiff is entitled to damages for such time period no less than a reasonable royalty.

Jnknown document property name.

7. Motio is entitled to enhance damages under 35 U.S.C. § 284;

8. Motio is entitled to attorneys' fees and costs under 35 U.S.C. §285.

9. Motio is entitled to a permanent injunction.

10. Motio denies Defendants' defenses and declaratory judgment claims that the patents-in-suit are invalid, unenforceable, and not infringed by Defendants.

11. Motio denies that Defendants are entitled to their cost, a declaration that this case is exceptional, and/or their attorneys' fees.

### B. Defendants' Contentions

By providing these contentions, Avnet does not concede that all of these issues are appropriate for trial. In addition, Avnet does not waive any of its motions *in limine*, motions for summary judgment, or motions to dismiss. Avnet reserves the right to modify or amend its contentions as appropriate, for example, based on a future ruling by the Court.

1. Avnet has not and does not infringe, directly or indirectly, any asserted claim of the '678 patent, which are: claims 1, 2, and 3, willfully or otherwise.

2. The claims of the '678 patent are not directed to patent-eligible subject matter as required by 35 U.S.C. § 101 and are therefore invalid.

3. The written description of the '678 Patent does not meet the requirements as set forth by 35 U.S.C. § 112 and the '678 Patent is therefore invalid.

4. The claims of the '678 patent are invalid due to an admitted prior public use under to 35 U.S.C. §§ 102(b) and an improper claim of priority.

5. Claims 1, 2, and 3 of the '678 Patent are not entitled to the filing date of U.S. Patent App. No. 11/324,603 filed on January 3, 2006.

6. Claims 1, 2, and 3 of the '678 patent are invalid over one or more prior art references, including prior public uses, pursuant to 35 U.S.C. §§ 102 and 103.

7. Motio is not entitled to any damages, whether lost profits or a reasonable royalty.

Jnknown document property name.

8. Avnet contends that Motio is not entitled to enhanced damages under 35 U.S.C. § 284 or attorneys fees or costs under 35 U.S.C. § 285.

9. Motio is not entitled to a permanent injunction. Motio cannot meet its burden of demonstrating irreparable harm, and monetary damages are sufficient to compensate Motio for any injury.

10. The '678 Patent is unenforceable due to inequitable conduct by the inventors of, and attorneys prosecuting, the '678 Patent, who intentionally withheld the materials prior art reference U.S. Patent Publications No. 2006/0041558 A1 to McCauley et. al. during prosecution of the '678 Patent with the intent to deceive the U.S. Patent and Trademark Office.[1]

11. Avnet contends that Motio's allegations in this case, and its conduct during the course of this litigation, stands out from others, has been unreasonable, and renders this case exceptional. Avnet is therefore entitled to attorneys' fees and costs under 35 U.S.C. § 285.

12. Avnet is not liable to Motio under any cause of action or legal theory asserted by Motio.

## V. STIPULATIONS AND UNCONTESTED FACTS

1. The patent-in-suit is U.S. Patent No. 8,285,678.

2. The '678 patent is entitled "Continuous Integration of Business Intelligence Software" and issued on October 9, 2012.

3. Motio asserts claims 1, 2, and 3 of the '678 Patent.

4. The named inventors of the '678 Patent are J. Lynn Moore, Jr. and Lance W. Hankins.

## VI. CONTESTED ISSUES OF FACT AND LAW

The parties identify the following issues of fact and law to be litigated. The parties reserve the right to identify additional factual or legal issues that may arise, including issues raised in any motions *in limine*, *Daubert* motion or motion for summary judgment.

---

[1] Avnet does not intend to, and will not, raise the unenforceability of the '678 Patent at the jury trial but may instead raise the issue at a future bench trial, if necessary.

Jnknown document property name.

A. **Plaintiff's Contentions**

Plaintiff intends to prove by preponderance of the evidence that all Defendants directly, literally, and/or contributorily infringe the '678 Patent and/or induce infringement of the '678 Patent. As a result of such infringement, Motio is entitled to damages through the date of judgment and a permanent injunction through the expiration of the '678 Patent – January 2, 2026. The following issues remain to be litigated at trial:

1. Whether Defendants have literally infringed, induced infringement of, and/or contributorily infringed, and continues to so infringe, any asserted claim of the '678 Patent;

2. Whether Plaintiff is entitled to enhanced damages pursuant to 35 U.S.C. §284, and if so, the dollar amount of the enhancement;

3. The amount and measure of damages to which Plaintiff is entitled to compensate it for Defendants' infringement through the date of judgment;

4. Whether Defendants have proven by clear and convincing evidence that the claims of the '678 Patent are invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112(1);

5. The priority date of the '678 Patent;

6. Whether Defendants should be enjoined from continued infringement of the '678 Patent;

7. Whether this is an exceptional case that entitles Plaintiff to attorneys' fees and other appropriate relief;

8. Whether Plaintiff is entitled to attorneys' fees and costs under 35 U.S.C. § 285 and, if so, in what amount; and

9. Whether Plaintiff is entitled to pre-judgment and post-judgment interest and, if so, in what amount.

B. **Defendants' Contentions**

Plaintiffs cannot prove, by a preponderance of the evidence, that claims 1, 2 and 3 of the '678 Patent are infringed, whether directly or indirectly. Defendants further intend to prove by clear and convincing evidence that the claims 1, 2 and 3 of the '678 Patent are invalid.

Unknown document property name.

Accordingly, Motio is not entitled to any damages nor a permanent injunction. In addition to the issues identified by Motio above, the following issues remain to be litigated at trial:

1. Whether Motio can prove that Avnet has directly or indirectly infringed any asserted claim of the '678 Patent.

2. Whether the specification of the '678 Patent provides written description support to claims 1, 2, and 3 of the '678 Patent as required by 35 U.S.C. § 112.

3. Whether Motio can prove that the disclosure of U.S. Application No. 11/324,603 provides written description support to claims 1, 2, and 3 of the '678 Patent in the face of an intervening admitted prior public use under 35 U.S.C. § 102(b).

4. Whether claims 1, 2 and 3 of the '678 patent are invalid over one or more prior art references, including prior public uses, under 35 U.S.C. §§ 102 or 103.

5. Whether the claims of the '678 patent are directed to patent ineligible abstract idea under 35 U.S.C. § 101.

6. Whether this is an exceptional case that entitles Defendants to attorneys' fees and costs under 35 U.S.C. § 285, and if so, in what amount.

Defendants further incorporate by reference each matter made the basis of Defendants' contentions in Section IV(B) above.

## VII. LIST OF WITNESSES

### A. Plaintiff's Witnesses:

| Witness | Will/May Call | Objections |
|---|---|---|
| J. Lynn Moore, Jr. | Will Call | Avnet objects to calling Mr. Moore as an expert, the subject of Avnet's pending Motion to Strike/Preclude (Dkt. 180.) |
| Lance W. Hankins | May Call | |
| Andrew Weiss | May Call (via video deposition) | |
| Andrew Rachmiel | May Call (via video deposition) | |
| Gary Evans | May Call (via video deposition) | |
| Arthur Cobb | Will Call | Avnet objects to calling Mr. Cobb as his Opinions |

Jnknown document property name.

| | | |
|---|---|---|
| | | should be excluded, the subject of Avnet pending Motion under Daubert (Dkt. 182.) |
| Peter Martin | Will Call | |
| Rick Blackwell | May Call (via video deposition) | Avnet objects to calling Mr. Blackwell as he was not previously identified on Motio's initial disclosures nor otherwise disclosed until the service of an initial draft of the Pretrial Order on December 17, 2015. |
| Greg Mullinax | May Call (live or via video deposition) | Avnet objects to calling Mr. Mullinax as he was not previously identified on Motio's initial disclosures nor otherwise disclosed until the service of a revised draft of the Pretrial Order on December 24, 2015 (the last workday prior to the deadline for this order). |
| Heather Cole | May Call (live or via video deposition) | |
| Scott Masson | May Call (via video deposition) | Avnet objects to calling Mr. Masson as he was not previously identified on Motio's initial disclosures nor otherwise disclosed until the service of a revised draft of the Pretrial Order on December 24, 2015 (the last workday prior to the deadline for this order). |
| Dustin Adkison | May Call (via video deposition) | Avnet objects to calling Mr. Adkison as he was not previously identified on Motio's initial disclosures nor otherwise disclosed until the service of a revised draft of the Pretrial Order on Decemeber 24, |

| | | |
|---|---|---|
| | | 2015 (the last workday prior to the deadline for this order). |

Plaintiff also reserves the right to call in its case-in-chief any witness identified by Defendants and to call by deposition any witness identified by Defendants who does not testify at trial or who is unavailable. Plaintiff will identify any witness it will call by deposition pursuant to the agreement reached by the parties.

### B. Defendants' Witnesses:

Avnet identifies the following potential fact and expert witnesses whom it will or may call at trial, excluding such rebuttal witnesses (who are not presently identifiable) as may be necessary.

Each name listed is accompanied by (a) an indication of whether the witness *will* be called in the absence of reasonable notice to opposing counsel to the contrary, and which *may* be called as a possibility only, and (b) a statement of any objections provided by Motio to calling, or to the qualifications of, any of the witnesses on Avnet's list. Witnesses are listed alphabetically in each category and no representation is made as to the order in which fact or expert witnesses might be called at trial.

This list does not constitute (a) a commitment that Avnet will call any particular witness at trial, (b) a representation that any of the witnesses listed are available or will appear for trial, or (c) an agreement or acknowledgement that an instruction of any kind would be warranted if any witness listed below is not called at trial.

If any listed witness should prove to be unavailable at time of trial, Avnet reserves the right to use such witness's deposition testimony. Avnet also reserves the right to (a) call any witnesses listed or called by Motio, (b) substitute witnesses, to the extent that the employment of

Jnknown document property name.

any listed witness changes or the witness otherwise becomes unavailable for trial, (c) call additional witnesses to provide foundational testimony should Motio contest the authenticity or admissibility of any exhibit offered into evidence at trial; and (e) amend its witness list in light of further rulings by the Court or any other changed circumstances.

## FACT WITNESSES

| Witness | Will/May Call |
| --- | --- |
| Marc Batchelor | Will call (via video deposition) |
| Charles Bowen | May call (live or via video deposition) |
| Gary Evans | May call |
| Andre Grift | Will call (via video deposition) |
| Lance Hankins | May call (live or via video deposition) |
| J. Lynn Moore, Jr. | May call (live or via video deposition) |
| Roger Moore | May call (live or via video deposition) |
| Andrew Rachmiel | May call |
| Holly Rice | May call (live or via video deposition) |
| Matthew Thibeau | May call (live or via video deposition) |
| Andrew Weiss | Will call |

## EXPERT WITNESSES

| Witness | Will/May Call |
| --- | --- |
| Dr. Jack Grimes, Ph.D. | Will call |
| Russell L. Parr | Will call |

**C. Parties' Deposition Designations**

Deposition designations and objections will be served pursuant to the agreement reached by the parties as follows:

The parties will exchange deposition designations by 6:00 pm seven days before the designations are to be played in trial. Objections to opening designations and counter-designations to such deposition designations will be exchanged by 6:00 pm five days before a party intends to have such deposition designations played at trial. Objections to counter-designations and counter-counter-designations will be exchanged by 6:00 pm three days before a party intends to have such deposition designations played at trial. Objections to counter-counter designations will be exchanged by 6:00 pm two days before a party

10

intends to have such deposition designations played at trial. The parties will meet and confer to resolve any objections by 8:00 pm that evening. Any objections which have not been resolved will be presented to the Court at the beginning of the Court's session the day before a party intends to have such deposition designations played at trial.

## VIII.    EXHIBITS

Plaintiff's exhibit list is attached as Exhibit A.

Defendants' exhibit list is attached as Exhibit B.

## IX.    LIST OF ANY PENDING MOTIONS

| Docket Number | Motion |
|---|---|
| 121 [Corrected as 122] | Avnet's Motion for Judgment on the Pleadings Due to Failure to Claim Patent-eligible Subject Matter Under 35 U.S.C. § 101 |
| 158 | Avnet's Motion for Summary Judgment of Invalidity Under 35 U.S.C. § 101 |
| 180 | Avnet's Motion to Strike the Expert Disclosure of J. Lynn Moore and to Preclude Expert Testimony by Him |
| 182 [Corrected as 187] | Avnet's Motion to Exclude the Expert Report and Testimony of Arthur H. Cobb |
| TBD | Avnet's and Motio's Motions *in Limine* |

## X.    PROBABLE LENGTH OF TRIAL

Motio estimates that the probable length of trial is 5 days.

Avnet estimates that the probably length of trial will be 8 days.

## XI.    MANAGEMENT CONFERENCE LIMITATIONS

Subject to the parties' agreement on deposition designations, a party that intends to call a witness must, by 8:00 p.m. two days before the witness is called (either live or by deposition), identify the witness and the estimated length of the direct examination, and by 8:00 p.m. one day prior, exchange the exhibits and demonstratives to be used with the witness during direct

11

examination. The parties must meet and confer regarding objections by 10:00 p.m. the day before the witness is called.

### A. Further Proposal by Motio

Motio proposes that the parties exchange demonstratives to be used in opening statements by noon (central time) the day before trial begins. Any objections to opening demonstratives are due by 5p.m. the day before trial begins. The parties shall thereafter meet and confer to attempt to resolve any objections to opening demonstratives.

### B. Avnet's Response to Motio's Proposal

While Avnet may eventually agree to an exchange of demonstratives to be used during opening statements, in view of the fact that opening Statements are still more than three weeks away, and demonstratives have not been finalized, Avnet considers any agreement to a deadline for an exchange, if any, at this time premature.

## XII. SETTLEMENT

The parties have been in communication with regard to potential settlement, but to date no settlement has been reached.

## XIII. CERTIFICATIONS

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

(1) Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

(2) Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with;

(3) Each exhibit in the List of Exhibits herein:
 (a) is in existence;
 (b) is numbered; and

      (c)    has been disclosed and shown to opposing counsel.

Subject to the rulings made on pre-trial motions and rulings made at the Final Pre-Trial hearing, this Order is approved.

So **ORDERED** and **SIGNED** this _____ day of _____, 2015.

_____
United States District Judge

Approved as to form and substance:

| | |
|---|---|
| */s/Jeffrey M. Drake* | */s/Ruben J. Rodrigues* |
| Jeffrey M. Drake | Matthew B. Lowrie |
| Lee F. Grossman | Ruben J. Rodrigues |
| Barry P. Kaltenbach | Ellen T. Wong |
| MILLER, CANFIELD, PADDOCK AND STONE, P.L.C. | FOLEY & LARDNER LLP |
| 225 West Washington Street | 111 Huntington Avenue |
| Suite 2600 | Suite 2600 |
| Chicago, Illinois 60606 | Boston, MA 02199 |
| Telephone: (312) 460-4200 | Telephone: (617) 342-4006 |
| Facsimile: (312) 460-4201 | Facsimile: (617) 342-4001 |
| | |
| Byron K. Henry | Scott R. Kaspar |
| Cowles & Thompson | 321 North Clark Street |
| 901 Main Street, Suite 3900 | Suite 2800 |
| Dallas, Texas 75202 | Chicago, Illinois 60654 |
| Telephone: (214) 672-2100 | Telephone: (312) 832-4500 |
| Facsimile: (214) 672-2356 | Facsimile: (312) 832-4700 |
| Kelly J. Kubasta | |
| FERGUSON, BRASWELL & FRASER, PC | |
| 2500 Dallas Parkway | Clyde M. Siebman |
| Suite 501 | Laurence A. Phillips |
| Plano, Texas 75093 | SIEBMAN, BURG, PHILLIPS & SMITH, LLP |
| Telephone: (972) 378-9111 | Federal Courthouse Square |
| Facsimile: (972) 378-9115 | 300 N. Travis Square |
| | Sherman, Texas 75090 |

| | |
|---|---|
| ***Counsel for Plaintiff,*** *** Motio, Inc.*** | Telephone:  (903) 870-0070<br>Facsimile:  (903) 870-0066<br><br>***Counsel for Defendants,*** ***BSP Software LLC, Brightstar Partners,*** ***Inc. and Avnet, Inc.*** |

14

Jnknown document property name.

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that on December 28, 2015, I caused to be filed electronically the JOINT FINAL PRE-TRIAL ORDER with the Clerk of the Court using the CM/ECF system, which will send an electronic copy of the foregoing to counsel of record and constitutes service under Federal Rule of Civil Procedure Fed. R. Civ. P. 5(d) pursuant to Local Rule CV-5(a)(c) of the Eastern District of Texas.

/s/ *Jeffrey M. Drake*
Jeffrey M. Drake

Jnknown document property name.