# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| MOTIO, INC. | § | |
| | § | |
| V. | § | CASE NO. 4:12-CV-647 |
| | § | Judge Mazzant |
| BSP SOFTWARE LLC, | § | |
| BRIGHTSTAR PARTNERS, INC., | § | |
| and AVENT, INC. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Strike the Expert Disclosure of J. Lynn Moore and to Preclude any Expert Testimony by Him (Dkt. #180). After reviewing the relevant pleadings, the Court finds that the motion should be granted.

## BACKGROUND

Plaintiff asserts that Defendants infringe claims of U.S. Patent No. 8,285,678 ("the '678 Patent"). The '678 Patent is titled "Continuous integration of business intelligence software." It was filed on December 30, 2010, and issued on October 9, 2012. The '678 Patent relates to methods of providing automatic version control to a business intelligence system. '678 Patent at Abstract. Plaintiff filed suit for infringement of the '678 Patent on October 10, 2012 (Dkt. #1). During the litigation, the Court issued an Amended Scheduling Order (the "Scheduling Order") which describes expectations for, and the timing of, expert designation and reports (Dkt. #119). On September 4, 2015, Plaintiff served a Rule 26(a)(2)(C) disclosure identifying Motio CEO Lynn Moore ("Mr. Moore") as an expert witness (Dkt. #180, Ex. A). The entirety of Plaintiff's disclosure is two paragraphs, reproduced in full for the sake of clarity:

> Plaintiff, Motio, Inc. ("Motio") in accordance with Fed. R. Civ. P. 26(a)(2)(C) and this Court's Scheduling Order dated May 28, 2015, as modified by agreement of counsel, identifies the following witness, who is not required to

1

provide a written report under Rule 26(a)(2)(B), but may present evidence under Federal Rule of Evidence 702, 703, or 705:

> <u>Lynn Moore</u>. Mr. Moore, in addition to offering fact testimony that is not subject to disclosure under Rule 26(a)(2)(C), may present expert testimony on the patent-in-suit and the products at issue in this lawsuit including the operation of Motio's MotioCI product and Defendants' ICS/IVC product. He may also present expert testimony in response to the opinions expressed by Defendants' purported experts. It is expected that Mr. Moore may testify as to the validity of the patent in suit pursuant to 35 U.S.C. §§ 101, 102, 103 & 112 including secondary considerations of non-obviousness. It is expected that Mr. Moore may testify as to Defendants' infringement of the patents in suit and the resulting damage to Motio by Defendants' continued infringement.

(Dkt. #180, Ex. A). On October 26, 2015, Defendants filed the present motion to strike Mr. Moore's disclosure and preclude expert testimony by Mr. Moore (Dkt. #180). Plaintiff filed a response on November 12, 2015 (Dkt. #196). On November 23, 2015, Defendants filed a reply brief (Dkt. #208), and on December 3, 2015, Plaintiff filed a sur-reply (Dkt. #211).

## LEGAL STANDARD

Federal Rule of Evidence 702 provides for the admission of expert testimony that assists the trier of fact to understand the evidence or to determine a fact in issue. Fed. R. Evid. 702. A district court must make a preliminary determination, when requested, as to whether the requirements of Rule 702 are satisfied with regard to a particular expert's proposed testimony. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93, 113 S. Ct. 2786, 125 L.Ed.2d 469 (1993). Courts act as gatekeepers of expert testimony "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152, 119 S. Ct. 1167, 143 L.Ed.2d 238 (1999). The party offering the expert's testimony has the burden to prove by a preponderance of the evidence that: (1) the expert is qualified; (2) the testimony is relevant to an issue in the case; and (3) the testimony is reliable. *Daubert*, 509 U.S. at 590-91.

2

Federal Rule of Civil Procedure 26(a)(2)(B) states that the disclosure of a witness must be accompanied by a written report, "if the witness is one retained or specifically employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving testimony." Federal Rule of Civil Procedure 26(a)(2)(C) governs the disclosure requirements for other expert witnesses, mandating that the "disclosure must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."

## ANALYSIS

The Scheduling Order states that "[p]arties with burden of proof to designate Expert Witnesses other than claims construction experts and provide their expert witness reports, to include for ALL experts all information set out in Rule 26(2)(B)." (Dkt. #119 at p. 1) (emphasis in original). Defendants argue that Plaintiff failed to provide an expert report as required by the Scheduling Order (Dkt. #180 at p. 4). The Court agrees. Plaintiff's disclosure regarding Mr. Moore's expert designation clearly falls short of, and does not attempt to meet, the requirements of Rule 26(a)(2)(B). Plaintiff argues that Rule 26(a)(2)(B) is not applicable to Mr. Moore as he is a non-retained witness whose duties as the Plaintiff's employee does not include giving testimony. Rule 26(a)(2)(B) states that the requirements apply as described under Rule 26(a)(2)(B) "[u]nless otherwise stipulated or ordered by the court." Here, the Scheduling Order specifically identifies and emphasizes that parties are to provide their expert reports as set out under subsection (B) for "ALL experts" (Dkt. #119 at p. 1).

Plaintiff argues that to the extent its disclosure does not contain an adequate summary of the facts and opinions of Mr. Moor's anticipated testimony, the Court should exercise its

3

discretion and not exclude Mr. Moore's testimony (Dkt. #196 at pp. 5-6). Even if, however, the Court found excusable Plaintiff's mistake regarding interpretation of the Scheduling Order, the Court finds that Plaintiff failed to comply with the requirements of Rule 26(a)(2)(C). Plaintiff did not provide a meaningful "summary of the facts and opinions to which [Mr. Moore] is expected to testify" as required by Rule 26(a)(2)(C)(ii). Plaintiff merely lists a set of topics that Mr. Moore may speak toward, but offers no actual facts or opinions, forcing Defendants to make assumptions based on things outside the disclosure as to what Mr. Moore will testify. Plaintiff claims that, regardless of whether the expert disclosure is sufficient, Defendants are not prejudiced by any such inadequacy, referring Defendants to the series of previous depositions of Mr. Moore and the ability Defendants had, and did not exercise, to take further deposition of Mr. Moore (Dkt. #196 at p. 3; Dkt. #211 at pp. 2-3). Plaintiff pointedly states in its sur-reply that Defendants know how Mr. Moore will testify, that "[t]here are no surprises" (Dkt. #211 at. p. 1). The Court finds that referral to depositions is not an adequate substitute for the summary required by Rule 26. *See, e.g. Retractable Technologies, Inc. v. Becton, Dickinson and Co.*, No. 2:08-CV-16-LED-RSP, 2013 WL 4776189, at *3-4 (E.D. Tex. Sep. 6, 2013).

Defendants assert that, regardless of Plaintiff's compliance with Rule 26, Mr. Moore is not qualified to testify as an expert on the topics recited in the disclosure (Dkt. #180 at p. 8). Plaintiff bears the burden of proving Mr. Moore is qualified to give an expert opinion on the topics at issue in this suit. *See Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998). Though the Court finds sufficient basis under Rule 26 to exclude Plaintiff's disclosure and preclude Mr. Moore from testifying as an expert, the Court further notes that Plaintiff failed to show that Mr. Moore is an expert in any field relevant to the lawsuit (Dkt. #180, Ex. A). Plaintiff's disclosure states that the subject matter Mr. Moore will testify on includes: the patent-

in-suit (specifically issues of validity and non-obviousness), the products at issue, response to Defendants' experts, infringement, and damages (Dkt. #180, Ex. A). In essence, Plaintiff seeks to have Mr. Moore designated an expert on every subject matter involved in the litigation. Plaintiff attempts in its response brief to elucidate Mr. Moore's qualifications (Dkt. #196 at p. 2). Plaintiff states that Mr. Moore has been the CEO of Motio since its founding in 1999, has been the head of sales at Motio for over ten years, has sold MotioCI, spent years learning the market for "version control" software, has gained a breadth of experience in the business intelligence industry, and is knowledgeable about relevant prior art and the differences between the existing art and the '678 Patent (Dkt. #196 at pp. 1-2).

Accepting, *arguendo*, this presentation, the Court notes that Plaintiff merely explains that Mr. Moore is qualified to offer expert opinion in regards to the business intelligence industry and the patent-in-suit. Plaintiff summarizes Mr. Moore's intended opinions in its sur-reply as: "the patent is valid and the accused product infringes the patent-in-suit" (Dkt. #211 at p. 1). Plaintiff neglects to demonstrate Mr. Moore's qualifications to speak toward issues regarding the legal issue of infringement or the calculation of damages beyond an understanding as CEO of Motio regarding "how his company has been damaged" (Dkt. #196 at p. 5).

In accordance with the Court's determinations, Mr. Moore may testify as a fact witness, but the Court will not allow Plaintiff to offer expert opinion evidence through Mr. Moore. The expert disclosure previously offered should be stricken.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Strike the Expert Disclosure of J. Lynn Moore and to Preclude any Expert Testimony by Him (Dkt. #180) is hereby **GRANTED**.

**SIGNED this 6th day of January, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE