IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MOTIO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 4:12-cv-00647-ALM |
| AVNET, INC., BSP SOFTWARE LLC, and | ) | Hon. Amos L. Mazzant |
| BRIGHTSTAR PARTNERS, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO**
**FILE 41-PAGE BRIEF ON MOTIONS FOR JUDGMENT AS A MATTER OF LAW**

Defendants Avnet, Inc., BSP Software LLC, and BrightStar Partners, Inc. (collectively, "Avnet") request that this Honorable Court grant it leave to file its brief containing a number of Motions for Judgment as a Matter of Law (Dkt. 286, Ex. 1). Excluding the Table of Contents and Table of Authorities, the brief is 41 pages long. (Dkt. 286, Ex. 1.) Avnet timely filed its Motions for Judgment as a Matter of Law in a consolidated brief per L.R. CV-50 (Dkt. 286.) The clerk entered a notice of deficiency and requested that Avnet file a Motion for Leave to File its 41-page brief and accordingly files this Motion.

**I.   The Local Rules Allow Up To 60 Total Pages for Total JMOL Briefing.**

The Local Rules specifically address the total page limits for Motions for Judgment as a Matter of Law, applying the page limits that also apply at Summary Judgment:

> LOCAL RULE CV-50 Judgment as a Matter of Law in a Jury Trial
>
> Total Page Limits for Motions for Judgment as a Matter of Law.
> The total page limits imposed by LOCAL RULE CV-7(a)(3) on

1

motions for summary judgment shall also apply to motions for judgment as a matter of law pursuant to Fed. R. Civ. P. 50

L.R. CV-50.  Local Rule CV-7(a)(3) provides:

> Total Page Limits for Summary Judgment Motions.  If a party files more than one summary judgment motion, the following additional limitations shall apply:
>
> (A) a party's ***summary judgment motions shall not exceed sixty pages collectively***, excluding attachments;
>
> (B) a party's responses to summary judgment motions shall not exceed sixty pages collectively, excluding attachments;
>
> (C) a party's reply briefing to summary judgment motions shall not exceed twenty pages collectively, excluding attachments; and
>
> (D) a party's sur-reply briefing to summary judgment motions shall likewise not exceed twenty pages collectively, excluding attachments.

L.R. CV-7(a)(3).

Avnet's JMOL brief includes seven separate motions of judgment as a matter of law:

- Motion for Judgment as a Matter of Law of No Contributory or Induced Infringement

- Motion for Judgment as a Matter of Law of No Infringement

- Motion for Judgment as a Matter of Law of Invalidity Due to Lack of Written Description Support Under 35 U.S.C. § 112

- Motion for Judgment as a Matter of Law of Invalidity Under 35 U.S.C. § 102(b)

- Motion for Judgment as a Matter of Law of Invalidity Due to Obviousness Under 35 U.S.C. § 103

- Motion for Judgment as a Matter of Law of Invalidity Due to Failure to Claim Patent Eligible Subject Matter Under 35 U.S.C. § 101

- Motion for Judgment as a Matter of Law of No, or Reduced, Damages

(Dkt. 286, Ex. 1) Avnet's Brief also contains, in the alternative, a Motion for a New Trial Pursuant to Fed. R. Civ. P. 50 and 59. (Dkt. 286, Ex. 1)  Pursuant to L.R. CV-50 and 7(a)(3) Avnet may file up to 60 pages of briefing in support of its motions for judgment as a matter of law, of which it has presently used 41 pages.  Accordingly, Avnet requests that the Court enter an order granting leave to file Avnet's 41-page JMOL brief (Dkt. 286, Ex. 1) pursuant to L.R. CV-50 and 7(a)(3).

## II. Alternatively, Avnet Requests Leave to file its 41-Page Brief.

To the extent Avnet has misinterpreted L.R. CV-50, Avnet requests leave to file its 41-page JMOL brief.  Despite its interpretation of the rules as allowing up to 60 pages of JMOL briefing, Avnet nonetheless endeavored to prepare as short a brief as possible for the convenience of the Court and the parties.  Avnet's 41-page brief addressing eight separate motions and is only 11 pages longer than the 30-page limit for a single dispositive motion under L.R. CV-7(a)(1).  While Avnet could, and is happy to, refile the brief as eight separate motions, each well below the 30-page limit, it believes that the consolidated filing is the most efficient way to proceed for both the Court and the parties.

Additionally, Avnet's JMOL brief addresses a number of deficiencies in the evidence presented during the seven-day jury trial in this complicated patent case, and the grounds on which judgment as a matter of law should be granted.  The number of issues, and the complicated nature of the subject matter, justify granting leave to file excess pages.

Accordingly, Avnet respectfully requests that the Court grant its Motion for Leave to File its 41-Page JMOL Brief.

Dated: March 18, 2015                    Respectfully submitted,


       */s/ Ruben J. Rodrigues*

Clyde M. Siebman #18341600
Laurence A. Phillips
SIEBMAN, BURG, PHILLIPS & SMITH
Federal Courthouse Square
300 N. Travis Street
Sherman, TX 75090
Tel: (903) 870-0070
Fax: (903) 870-0066
clydesiebman@siebman.com

FOLEY & LARDNER LLP
Matthew B. Lowrie
John M. Lanza
Ruben J. Rodrigues
111 Huntington Avenue
Suite 2600
Boston, MA 02199
Tel: (617) 342-4006
Fax: (617) 342-4001
mlowrie@foley.com

Scott R. Kaspar
321 N. Clark Street
Suite 2800
Chicago, IL 60654
Tel: (312) 832-4500
Fax: (312) 832-4700
skaspar@foley.com

*Attorneys for Defendants Avnet, Inc., BSP Software LLC, and BrightStar Partners, Inc.*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on March 18, 2016, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

          */s/ Ruben J. Rodrigues*
          Ruben J. Rodrigues

**CERTIFICATE OF CONFERENCE**

I hereby certify that on March 18, 2016 the undersigned counsel for Defendants conducted a good faith meet-and-confer with counsel for Plaintiff regarding the substance raised in the foregoing motion for leave, and Plaintiff indicated that it would not oppose the requested relief. Accordingly, counsel has complied with Local Rule CV-7(h), and the foregoing motion for leave is unopposed.

 */s/ Ruben J. Rodrigues*
Ruben J. Rodrigues